# DECLARATION OF REEMA GHABRA, ARAB COMMUNITY SERVICES

I, Reema Ghabra, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an Immigration Attorney with the Arab Community Services ("ACS").

3. I am an attorney in good standing based in the State of California. I am admitted to the bar in the District of Columbia. I have been practicing immigration law for five years.

4. ACS offers pro bono legal support for both complex detained and non-detained removal defense cases, in addition to various immigration applications with USCIS. I focus on detention and removal defense representation.

5. In September 2026, I began supporting a community member, KS, who was detained by U.S. Immigration and Customs Enforcement ("ICE"), has a final order of removal, and has been impacted by the new online detainee locator system ("ODLS") policy. While I have not yet entered an appearance in KS's case yet, I expect to do so by the end of this month.

6. KS was initially taken into ICE custody in January 2025 and is currently detained at the California City Detention Facility ("CCDF"). He also has a pending *pro se* habeas petition, pursuant to 28 U.S.C. § 2241. KS alleges that his prolonged detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Further, KS's BIA appeal was denied in June 2026. KS has sought review in the Ninth Circuit, which remains pending.

7. In September 2026, KS's family received a call from CCDF informing them that he was to be released at a prefixed location on September 19, 2026. However, although KS's family arrived at the set location on the designated day and waited for KS for several hours, he was never produced. KS's family called the detention center and checked ODLS to see if he was still in detention but were ultimately unable to locate him. KS was also unable to communicate with his family at this time. His family suffered great distress for the next few days as they were unable to determine where KS was. It was not until a few days later when KS was able to contact his family that they discovered that KS was still detained at CCDF.

8. KS's family is not the only one that has been confused by the new ODLS policy. On September 17, 2026, the judge for KS's pending habeas case was unable to determine where KS was being detained based on the judge's ODLS search and ordered the government to submit supplemental briefing addressing "(a) [w]hether this action is moot in light of Petitioner's apparent release from ICE custody, as reflected on the ICE Online Detainee Locator System."

9. Since I first came to know KS in September 2026, I have not been able to locate him through any ODLS searches. Although based on his NTA and available court documents, I understand that KS has been in ICE custody since around January 2025. If KS is transferred now, it will be exceedingly difficult to locate him and provide the timely legal services that he needs.

10. In my experience, it is very difficult to locate a client once they have been transferred. For example, I had another client who was recently transferred from Otay Mesa Detention Center to CCDF. He was not showing up in ODLS and also was not able to reach out to me, so I had a very hard time locating him. This client eventually was able to contact me after several weeks; however, if he did not then I fear I may still be unable to locate him. The loss of time when I lose track of where a client is creates problems as it prevents me from providing timely consults and legal services on their behalf.

11. Restoring access to ODLS would allow attorneys and family members to maintain constant communication with individuals who are detained, thereby preventing the individual from being removed from the U.S. before they have access to their attorney.

Executed on 22 of October, 2026, at San Francisco, California.

/s/___Reema Ghabra_____

REEMA GHABRA